552 S.E.2d 295

**In the Matter of George Turner PERROW, Respondent.**

**No. 25352.**

Supreme Court of South Carolina.

Submitted July 10, 2001.

Decided Aug. 27, 2001.

Henry B. Richardson, Jr., of Columbia, for the Office of Disciplinary Counsel.

G. Wells Dickson, Jr. and Lionel S. Lofton, of Lionel S. Lofton Law Offices, both of Charleston, for respondent.

PER CURIAM:

In this attorney disciplinary matter, respondent and Disciplinary Counsel have entered into an agreement pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to a definite suspension of no more than two years or an indefinite suspension. We accept the agreement and find an indefinite suspension, retroactive to the date respondent was placed on interim suspension, is appropriate under the circumstances.[1]

---

**1.** Respondent was placed on interim suspension on August 2, 2000. *In the Matter of Perrow,* 342 S.C. 45, 535 S.E.2d 648 (2000).

 

### *Facts*

The facts as stated in the agreement are as follows.

### I. *Estate Matter*

Respondent was named personal representative of an estate. As personal representative, he had signatory authority on the estate's checking account. Respondent computed his statutory commission for serving as personal representative to be $5,000 and issued a check payable to himself in that amount dated January 31, 2000. However, when he entered the check in the estate's check register, he indicated it was written to a beneficiary of the estate in the amount of $500.

As personal representative, respondent also undertook to be the unofficial guardian of the aforementioned beneficiary. Rather than make a lump sum disbursement to the beneficiary for a bequest made to him by the deceased, respondent regularly wrote checks to the beneficiary on the estate's account. On or about June 16, 2000, respondent withdrew $4,113.79 from the estate's bank account, the remaining balance in the account, and retained the funds for his personal use. Respondent maintained the funds were to pay the statutory commission he was due as personal representative of the estate and that he had forgotten he had previously paid himself that commission. Following inquiries from the Office of Disciplinary Counsel, respondent reimbursed the estate the sum of $4,113.79 and corrected the entries on the estate's check register.

Respondent also issued a check on the estate's account to himself in the amount of $1,303 for legal services he provided to the estate. Respondent acknowledges that, in retrospect, it was improper for him, in his capacity as personal representative, to engage himself to do legal work for the estate for fees over and above the statutory commission he was due for serving as personal representative. Finally, Disciplinary Counsel contends, and respondent agrees, that when respondent undertook to provide legal services to the estate, it became incumbent upon him to maintain the funds of the estate in accordance with the requirements of Rule 417, SCACR, which respondent acknowledges he failed to do.

## II. *Personal Injury/Child Support Matter*

Respondent represented a client in a personal injury matter and a child support matter. The written fee agreement in the personal injury matter provided for a one-third contingency fee. When the personal injury matter was settled for $5,500, respondent deposited the settlement check into his general operating account, out of which respondent issued a check to the client for $2,000 and a check to himself for $3,500. Respondent maintains the excess of $1,666.67 over and above the one-third fee set forth in the fee agreement was additional fees due him for representation of the client in the child support matter. Respondent has no correspondence, bills, records, time sheets, or other documentation to support the additional fee; however his files indicate he represented the client in the child support matter. Respondent cannot provide any written documentation indicating the client was aware of or approved the additional payment, and respondent failed to prepare a disbursement sheet in connection with the disbursement of the proceeds from the settlement of the personal injury matter.

Finally, in the personal injury matter, three medical providers were paid a total of $2,712.75 out of respondent's escrow account notwithstanding the fact that no deposit had ever been made on behalf of the client into the escrow account. Moreover, when the payments were made to the medical providers, there were no funds in the escrow account due respondent for fees and costs in those amounts. Accordingly, funds from other clients were used to make the payments.

## III. *Home Repair Matter*

Respondent used client funds in his escrow account to pay for repairs to his personal residence. Respondent has since repaid the monies.

## IV. *Workers' Compensation Matters*

Respondent represented a client in a workers' compensation matter. Although there was no written fee agreement, respondent was to be paid a contingency fee. The matter was settled and the Workers' Compensation Commission (Commission) approved certain disbursements of the proceeds. In-

stead of disbursing to himself the amount approved by the Commission, respondent disbursed to himself $3,848.26 more than the amount approved by the Commission. Respondent maintains the additional amount was for legal fees respondent felt he was due in connection with other matters he was handling for the client. However, in addition to having no written fee agreement, respondent has no time sheets, no statements or bills nor any correspondence to or from the client to support this representation or to indicate the client knew of or approved of the additional payment. Respondent does have files indicating he performed substantial work for the client on the other matters.

After inquiries by the Office of Disciplinary Counsel, respondent reimbursed the client $3,848.26. Moreover, when the Office of Disciplinary Counsel spoke to the client, the client indicated he had verbally approved respondent retaining the additional fee, but he was under the impression the additional fee was to constitute full payment for the conclusion of long-term disability and social security matters respondent was handling for him. The client indicated the matters were not fully resolved to his satisfaction by respondent and, with the assistance of his daughter, he finally resolved them himself.

On two other occasions, respondent represented the client in workers' compensation matters. On both occasions, respondent was to be paid a contingency fee, but there was no written fee agreement. Both matters were settled. In one of the matters, fees were disbursed as approved by the Commission. However, in the other matter, after the settlement proceeds were deposited in respondent's escrow account, respondent disbursed a portion of the funds to another client. In addition, he disbursed fees to himself in excess of that approved by the Commission. As a result, a portion of the disbursements made from the escrow account to the client were made using the funds of other clients inasmuch as the proceeds of the settlement had been exhausted. Respondent maintains he felt he was entitled to the excess fee for work he performed for the client on additional social security and long-term disability matters. However, there are no written fee agreements, bills, statements, ledger cards, disbursement

schedules, correspondence or other documentation in respondent's records authorizing the excess fee.

In addition, prior to inquiries by the Office of Disciplinary Counsel, the client had not received his full disbursement from the settlement proceeds although more than a year had passed since the matter was settled. Respondent has since used personal funds to pay the client the remaining balance of the disbursement approved by the Commission as well as the excess fee.

## V. *Probate Matter*

Respondent undertook, on a contingency fee basis, representation of four beneficiaries in a contested probate matter. Subsequently, one of the clients was appointed personal representative of the estate. The client then engaged respondent to represent him in his official capacity as personal representative. Respondent undertook the representation despite the fact that he had previously represented the other beneficiaries and without following procedures set forth in Rule 407, SCACR, for dealing with such conflicts of interest.

In addition, respondent was given custody of certain funds of the estate, but failed to maintain accurate records concerning the funds and failed to comply with the recordkeeping and accounting requirements set forth in Rule 417, SCACR. As a result of errors in recordkeeping, a negative balance developed in the estate funds. A subsequent disbursement made by respondent was therefore taken from funds belonging to other clients. Following inquiries from the Office of Disciplinary Counsel, respondent used personal funds to reimburse the estate as well the personal representative for monies owed.

## VI. *Secretarial Matter*

Respondent acknowledges that reports that his misconduct was related to errors or shortcomings on the part of his secretarial staff were incorrect and he accepts full and sole responsibility for the circumstances leading to his suspension.

### *Law*

Respondent admits that by his actions he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.3 (diligent representation); Rule 1.4(a) (communication with clients); Rule 1.5 (fees); Rule 1.7 (con-

flict of interest); Rule 1.15 (safekeeping of client funds); Rule 3.3 (candor toward tribunal); Rule 8.4(a) (violation of the Rules of Professional Conduct); Rule 8.4(d) (conduct involving dishonesty, fraud, deceit or misrepresentation); and Rule 8.4(e) (conduct prejudicial to the administration of justice). Respondent also violated Rule 7 of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, by violating the Rules of Professional Conduct, engaging in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute, violating the oath of office, and willfully violating a valid court order. Finally, respondent failed to comply with the recordkeeping requirements of Rule 417, SCACR.

### Conclusion

Although respondent has reconciled his escrow account and has reimbursed all clients or transferred sufficient funds to the attorney to protect clients' interests appointed in this matter so that he may reimburse clients, we find the facts set forth in the agreement warrant an indefinite suspension from the practice of law, retroactive to August 2, 2000, the date of respondent's interim suspension. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR.

INDEFINITE SUSPENSION.

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.